## DORMAR vs. THE STATE.

INDICTMENT: *Against road overseer. What is essential, etc.*

In an indictment against an overseer of a road for failure to keep the same in repair, the description of the road is material, and must be proved as alleged.

APPEAL from *Dorsey* Circuit Court.

Hon. J. R. S. BURBRIDGE, Special Judge.

*Hughes*, Att'y Gen'l for State.

HARRISON, J.:

The appellant, John Dormar, was tried upon an indictment for failure of duty as road overseer, and convicted. He moved for a new trial, on the ground that the conviction was not warranted by the evidence; and his motion being overruled, he excepted and appealed.

The indictment charges that being overseer of "section (3) three of the Mount Elba and Monticello road, extending from Blakey's creek to the Lincoln County line," the same being a public road, he failed to keep said road in good repair, etc.

There was no evidence that such road as that described in the indictment, was in the defendant's district. All the witnesses testified that section three of Mount Elba and Monticello road, of which the defendant was overseer, extended from Blakey's creek to the Drew County line, and they knew of no road extending from said creek to the Lincoln County line.

The words of the indictment:

"Extending from Blakey's creek to the Lincoln County line," were an essential part of the description of the road. Greenleaf

*Vol. xxxi.—4.*

says: "Any allegation which narrows and limits that which is essential, is necessarily descriptive." 1 Green Ev., sec. 58, and all the circumstances of the description must be proven. Ib., sec. 65; 1 Phil. Ev. 834; Whart, Cr. L., sec. 602; 2 Russ, cr., 801.

The defendant should have been acquitted; and it was error to overrule his motion for a new trial.

The judgment of the court below is reversed, and the cause remanded that the defendant may have a new trial.